IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SHARON BRIDGEWATER,

    Plaintiff,

v.

ROGER TONNA, et al.,

    Defendants
_____/

No. C-11-5407 MMC

**ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS; DISMISSING FIRST AMENDED COMPLAINT; DENYING AS MOOT PLAINTIFF'S MOTION FOR SUMMARY ADJUDICATION AND APPLICATION FOR APPOINTMENT OF TEMPORARY RECEIVER**

    Before the Court is plaintiff Sharon Bridgewater's Application to Proceed in Forma Pauperis, filed November 8, 2011. Also before the Court are plaintiff's First Amended Complaint ("FAC"), filed November 15, 2011, plaintiff's Motion for Summary Adjudication of Issues, filed November 8, 2011, and plaintiff's Application for Appointment of Temporary Receiver, filed November 8, 2011. Having read and considered the above-referenced filings, the Court rules as follows.

    First, it appearing that plaintiff lacks funds to pay the initial filing fee, the Court will grant plaintiffs' Application to Proceed in Forma Pauperis.

    Second, where, as here, a plaintiff proceeds in forma pauperis, the district court, pursuant to 28 U.S.C. § 1915(e), must dismiss the complaint if the court determines the complaint fails to state a claim upon which relief can be granted. See 28 U.S.C.

1  § 1915(e)(2)(B)(ii). Accordingly, the Court next considers whether the FAC states a claim.

2  Plaintiff's FAC consists of three causes of action. In the First Cause of Action, plaintiff alleges defendant William Gilg, acting as an attorney on behalf of defendants Roger Tonna and Mary Tonna, filed an unlawful detainer action against plaintiff and obtained a judgment against plaintiff based thereon. Plaintiff alleges such conduct constituted a deprivation of property without due process of law, in violation of 42 U.S.C. § 1983.

In a prior action filed by plaintiff against the same defendants and based on the same allegations, the Court found plaintiff failed to state a claim under 42 U.S.C. § 1985(3); in particular, the Court found plaintiff failed to allege any state action by defendants, and dismissed plaintiff's § 1985(3) claim without leave to amend. See Bridgewater v. Tonna, C 10-4966, Orders filed February 28, 2011 and March 30, 2011. The Court's reasoning in the prior action is equally applicable to plaintiff's claim that defendants violated § 1983. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 924 (1982) (holding § 1983 claim alleging defendants deprived plaintiff of property without due process is claim requiring state action; finding plaintiff failed to allege state action where plaintiff alleged defendant obtained plaintiff's property through "misuse or abuse" of state court proceeding); Bloomer Shippers Ass'n v. Illinois Central Gulf R.R.. Co., 655 F.2d 772, 775-76 (7th Cir. 1981) (holding defendant's filing of unlawful detainer actions insufficient to constitute state action; noting "use of a courthouse is not state action").

Accordingly, the First Cause of Action will be dismissed without leave to amend.

The remaining two causes of action in the FAC, the Second and Third Causes of Action, are brought under state law; plaintiff alleges the Court has supplemental jurisdiction over said state law claims. (See FAC ¶ 2.) Where, as here, a district court dismisses the sole claim over which it has original jurisdiction, the Court may decline to exercise supplemental jurisdiction over the remaining claims. See 28 U.S.C. § 1367(a)(3). Here, given the early stage of proceedings, the Court declines to exercise supplemental jurisdiction over the Second and Third Causes of Action, and will dismiss said claims

2

without prejudice to plaintiff's refiling them in state court.

Finally, plaintiff's Motion for Summary Adjudication of Issues and Application for Appointment of Temporary Receiver will be denied as moot.

**CONCLUSION**

For the reasons stated above:

1. Plaintiff's Application to Proceed in Forma Pauperis is hereby GRANTED.

2. The First Amended Complaint is hereby DISMISSED, as follows:

    a. the First Cause of Action is DISMISSED without leave to amend; and

    b. the Second and Third Causes of Action are DISMISSED without prejudice to plaintiff's refiling said claims in state court.

3. Plaintiff's Motion for Summary Adjudication of Issues and Application for Appointment of Temporary Receiver are hereby DENIED as moot.

**IT IS SO ORDERED.**

Dated: November 29, 2011

MAXINE M. CHESNEY
United States District Judge